STATE OF CONNECTICUT *v.* GREGORY WILLIAMS
(12769)

Foti, Lavery and Landau, Js.

Argued April 20—decision released August 29, 1995

*Deborah DelPrete Sullivan,* assistant public defender, for the appellant (defendant).

*Susann E. Gill,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Linda N. Howe,* assistant state's attorney, for the appellee (state).

LAVERY, J. The defendant appeals from a judgment of conviction, after a jury trial, of attempted murder in

violation of General Statutes §§ 53a-49[1] and 53a-54a,[2] and assault in the first degree in violation of General Statutes § 53a-59 (a) (1).[3] The jury found the defendant not guilty of one count of assault in the first degree under § 53a-59 (a) (3).[4] The defendant claims that the trial court improperly (1) charged the jury that the law recognizes that a person can simultaneously possess both the intent to cause serious physical injury to a person and the intent to cause that person's death, (2) admitted evidence of the defendant's prior misconduct, (3) allowed the state on rebuttal to present evidence establishing the defendant's intent, and (4) submitted to the jury an alternative means of committing attempted murder for which there was no support in the evidence. Additionally, the defendant claims that the evidence was insufficient to support the convictions for attempted murder and assault in the first degree. We agree with the defendant

---

[1] General Statutes § 53a-49 (a) provides: "A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he: (1) Intentionally engages in conduct which would constitute the crime if attendant circumstances were as he believes them to be; or (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."

[2] General Statutes § 53a-54a (a) provides in pertinent part: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person or of a third person . . . ."

[3] General Statutes § 53a-59 (a) provides in pertinent part: "A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."

[4] General Statutes § 53a-59 (a) provides in pertinent part: "A person is guilty of assault in the first degree when . . . (3) under circumstances evincing an extreme indifference to human life he recklessly engages in conduct which creates a risk of death to another person, and thereby causes serious physical injury to another person . . . ."

The trial court properly instructed the jury that the defendant could not simultaneously act recklessly and intentionally with regard to the same act. See *State* v. *King*, 216 Conn. 585, 593–95, 583 A.2d 895 (1990), on appeal after remand, 218 Conn. 747, 591 A.2d 813 (1991).

that the trial court improperly charged the jury that a person can simultaneously intend to cause serious physical injury to a person and intend to cause that person's death. Therefore, we reverse the convictions for attempted murder and assault in the first degree.

The jury could reasonably have found the following facts. In April, 1991, the defendant and the victim had been living together on and off for about five years, and had a two year old son. On April 12, 1991, the victim traveled to California with her parents and her son. After spending time in California, the victim's son returned to Connecticut with the victim's parents. The victim traveled to North Carolina to attend a training course offered by her employer. At that time, the victim decided not to resume living with the defendant upon her return. Accordingly, when she returned to Connecticut on April 19, she and her son moved in with her parents in Stratford.

On April 20, 1991, the defendant came to the parents' home in Stratford looking for the victim. When the victim's father told the defendant that he was not welcome on the property and asked him to leave, the defendant began yelling at the victim's father that he would be sorry, that it may take one or two weeks but he would live to regret this day. The defendant also attempted to challenge the victim's father out into the street to fight him.

The following morning, the victim received a call from a coworker informing her that the defendant had just called from a mental hospital. The victim's former next-door neighbor also called to let her know that there was a pile of women's and children's clothing stacked behind the fence in the back of the victim's former residence. Believing that the defendant would not be at the house, the victim, her son and her sister went to the victim's former residence to retrieve their belongings.

The victim's sister, who had driven, parked behind the house near a pile of clothing. The women hurried from the car and began putting clothes into garbage bags. While the women were collecting the clothes, the defendant appeared. The victim ran, yelling to her sister to call the police. The defendant caught her and fell to his knees begging her not to leave him. The victim attempted to keep the situation under control by pretending to go along with him, but winked at her sister signaling her to go for help.

The victim's sister screamed at the victim to get into the car. The defendant then ran to the car, removed his son from the car seat and ran into the house. While holding his son, the defendant pushed the victim through the door of the house. The defendant then punched the victim in the face and hit her in the head with a baseball bat from the neighbor's yard. The defendant delivered eight blows to the victim's head until the baseball bat finally broke. The victim suffered serious head injuries and was close to death.

The dispositive issue in this appeal is whether the trial court incorrectly charged the jury that the law recognizes that a person can simultaneously intend to cause serious physical injury to a person and intend to cause that person's death.[5] Specifically, the defendant claims that the trial court's charge allowed the jury to render inconsistent guilty verdicts on the charges of attempted murder and assault in the first degree. We agree with the defendant that a person cannot simultaneously possess both the intent to cause serious physical injury and the intent to cause death with respect to the same victim.

---

[5] The trial court instructed the jury that "while the law does recognize that a person who is acting intentionally—was found to be acting intentionally can simultaneously intend to cause some injury—to cause the victim some injury and at the same time, intend to cause that person's death, it would nevertheless be inconsistent to find that he intended to cause the victim's death and *simultaneously* acted recklessly to cause her injury." (Emphasis added.)

Therefore, the jury verdict convicting the defendant of assault in the first degree and attempted murder are legally inconsistent.

This court addressed a similar issue in *State* v. *Fernandez*, 27 Conn. App. 73, 604 A.2d 1308, cert. denied, 222 Conn. 904, 606 A.2d 1330 (1992). The *Fernandez* court found that guilty verdicts of attempted murder and assault in the first degree were not inconsistent because "the jury could reasonably have concluded that although the defendant commenced his attack on [the victim] with an intent to cause her serious physical injury, this intent was transformed, in midattack, into an intent to cause [the victim's] death." Id., 94. The jury in *Fernandez* was not required to find that the defendant possessed the relevant mental states simultaneously. The court concluded that "[b]ecause the jury was not required to find that the defendant possessed the relevant mental states simultaneously, its verdict was not logically inconsistent." Id.

We do not agree with the trial court's reliance on *State* v. *Sharpe*, 195 Conn. 651, 491 A.2d 345 (1985). In *Sharpe*, the defendant challenged his convictions of attempted murder and assault in the first degree on the ground that the charges arose out of the same transaction and violated his right to be free from double jeopardy. The Supreme Court never held that the mental states necessary for convictions of attempted murder and assault in the first degree could be possessed simultaneously.[6]

In this case, because the trial court instructed the jury that the two intents could be possessed simultaneously, we must inquire as to whether this instruction allowed

---

[6] The facts in *Sharpe* are analogous to the facts in *Fernandez*. In *Sharpe*, the defendant fired one shot at the victim, approached the victim's vehicle, and, looking directly at the victim, fired five or six more shots. *State* v. *Sharpe*, supra, 195 Conn. 653. In this scenario, the jury could have found that the defendant changed his intent in midattack from an intent to cause serious physical injury to an intent to kill.

the jury to render legally inconsistent verdicts. To determine whether jury verdicts are legally inconsistent, "we look carefully to determine whether the existence of the essential elements for one offense negates the existence of the essential elements of another offense of which the defendant also stands convicted." *State* v. *Hinton*, 227 Conn. 301, 313, 630 A.2d 593 (1993). If the mental state necessary for a conviction of attempted murder negates the mental state necessary for a conviction of assault in the first degree when occurring simultaneously, the trial court's charge authorized the jury to render inconsistent verdicts.

To be guilty of attempted murder, a jury must find that the defendant acted with the conscious objective to cause the death of another person. General Statutes §§ 53a-49, 53a-54a and 53a-3 (11). To be guilty of assault in the first degree under § 53a-59 (a) (1), a jury must find that the defendant acted with the conscious objective to cause serious physical injury to another person. General Statutes §§ 53a-59 (a) (1) and 53a-3 (11). " 'Serious physical injury' means physical injury which creates a substantial risk of death, or which causes serious disfigurement, serious impairment of health or serious loss or impairment of the function of any bodily organ . . . ." General Statutes § 53a-3 (4).

We find that a conscious objective to kill the victim negates a simultaneous intention to cause that victim only serious physical injury. The trial court's instruction authorizing the jury to find that the defendant could simultaneously intend to cause the victim serious physical injury and intend to cause the victim's death was incorrect. That instruction authorized the jury to render inconsistent jury verdicts for attempted murder and assault in the first degree.

In light of our resolution of this issue, we will address only the defendant's sufficiency of evidence claim. We

must address the sufficiency of the evidence claim since the defendant would be entitled to an acquittal of the charge on which he claims insufficient evidence if he prevails on his claim. *State* v. *Wolff,* 37 Conn. App. 500, 507, 657 A.2d 650 (1995); *State* v. *Dunn,* 26 Conn. App. 114, 123, 598 A.2d 658 (1991).

In reviewing the sufficiency of the evidence, we apply the two part test used in *State* v. *Traficonda,* 223 Conn. 273, 278, 612 A.2d 45 (1992). "First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the jury reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) Id.

We construe the evidence set forth in the statement of facts as the evidence most favorable to sustaining the verdict. We give deference not to the hypothesis of innocence posed by the defendant, but to the evidence and the reasonable inferences drawn therefrom that support the jury's determination of guilt. *State* v. *Sivri,* 231 Conn. 115, 136–37, 646 A.2d 169 (1994).

The brutal attack perpetrated by the defendant on the victim with the baseball bat, the history of their relationship, the conduct of the defendant on the day of the attack, both before and after the attack, and the nature of the injuries provided sufficient evidence for the jury to have found beyond a reasonable doubt that the defendant had the intent to cause serious physical injury to the victim by means of a dangerous weapon. General Statutes § 53-59 (a) (1). Using the same criteria and the evidence viewed most favorably to upholding the conviction, there was more than sufficient evidence to convict the defendant of attempted murder. General Statutes §§ 53-49 (a) and 53a-54a (a). The weapon used,

the brutal nature of the defendant's attack, his prior threats, the deception used to get the victim to come to the house, his breaking the baseball bat on the victim, and the serious nature of the injuries, which came close to causing her death provide sufficient evidence to have allowed the jury to have found the defendant guilty of attempted murder beyond a reasonable doubt. The defendant's claim based on the sufficiency of the evidence is without merit.

The judgment is reversed and the case is remanded for a new trial.

In this opinion LANDAU, J., concurred.

FOTI, J., dissenting. I must respectfully disagree with the majority that the trial court's instruction allowed the jury to render legally inconsistent verdicts. The trial court's instruction was not an inaccurate statement of the law, but even if considered so, when read in its entirety, did not mislead the jury.

The court correctly instructed that "[a] person cannot be said to have simultaneously acted intentionally and recklessly with regard to the same act and the same result, that is the injury to the victim."[1] In explaining this point, the court continued as follows: "The same is true as to the charge of attempted murder as it relates to any charge of assault by recklessness. Now, while the law does recognize that *a person who is acting intentionally—was found to be acting intentionally can simultaneously intend to cause some injury—to cause the victim some injury and at the same time,*

---

[1] The court's instruction was given on March 15, 1993. On August 24, 1993, our Supreme Court decided *State v. Hinton*, 227 Conn. 301, 630 A.2d 593 (1993). The *Hinton* court held that it is legally inconsistent for a jury to find that a defendant simultaneously possessed both an intent to kill the victim and recklessness toward the victim. Id., 320. *Hinton* involved mutually exclusive states of mind.

*intend to cause that person's death,* it would neverthe-less be inconsistent to find that he intended to cause the victim's death and simultaneously acted recklessly to cause her injury. In other words, the legal definitions of intentional that I've already given to you, and the legal definition of reckless which I will give you shortly, are mutually exclusive and inconsistent."[2] (Emphasis added.) The emphasized words are those which the defendant claims allowed legally inconsistent verdicts.

The question is whether an essential element of attempted murder is negated by an essential element of assault in the first degree. Because both crimes require the same mental state, the mental states of each cannot be mutually exclusive. Since both require an intentional act, the actor can simultaneously intend the requisite results. He can intend both to cause the victim a serious physical injury and to kill the victim. No tem-poral separation is required for the intent, but obviously one is required for the result. A possible factual scenario would have a defendant intending to kill a person but first causing serious physical injury or disfigurement, so as to make the victim suffer before dying. The intent is simultaneous, as the conscious objective to cause the requisite results is simultaneous, while the results themselves are separated by time.[3] For this reason, I find the court's charge to be correct as a matter of law. Therefore, there is no basis, on this issue, for ordering a new trial.

Even if we assume, arguendo, that the word "simulta-neous," as used by the trial court, was inappropriate

---

[2] The jury found the defendant not guilty of assault in the first degree under General Statutes § 53a-59 (a) (3). A reckless act is required for convic-tion under this statutory subdivision.

[3] I agree that the instruction using the terms "simultaneous" and "at the same time" does not allow the jury to find that although the assault may have begun with an intent to injure, that intent was transformed during the attack into an intent to cause the victim's death. See *State* v. *Fernandez,* 27 Conn. App. 73, 93, 604 A.2d 1308, cert. denied, 222 Conn. 904, 606 A.2d 1330 (1992).

as a matter of law, the record does not reflect any reasonable possibility that that portion of the instruction misled the jury. *State* v. *Townsend*, 206 Conn. 621, 627, 539 A.2d 114 (1988). Our function is to view the challenged language in the context of the entire instruction "to determine whether it is possible that the instruction misled the jury." *State* v. *Ortiz*, 217 Conn. 648, 667, 588 A.2d 127 (1991). We will not sever one part of the instruction and analyze it separately from the whole. *State* v. *Johnson*, 185 Conn. 163, 168, 440 A.2d 858 (1981), aff'd, 460 U.S. 73, 103 S. Ct. 969, 74 L. Ed. 2d 823 (1983). My analysis of the entire charge leads me to conclude that the jury was not misled. The court's instructions to the jury included a thorough review of the intent element for each offense, and provided a correct statement of all the essential elements of the crimes charged. The court also correctly and thoroughly instructed as to the legal definition of intent. Further, the court reinstructed on the essential elements of attempted murder.[4] A trial court's main and supplemental instructions to the jury must be viewed as a whole. *State* v. *Cannon*, 185 Conn. 260, 269, 440 A.2d 927 (1981).

The reference to "simultaneous" and "at the same time," with regard to intent, was brief and isolated. The reference was used more in the context of an example to distinguish "intentional" from "reckless." The remaining language regarding intent provided a sufficient and accurate instruction.

Reviewing the instruction as a whole, I conclude that the jury could not have interpreted the charge in an impermissible manner. I would, therefore, affirm the judgment of the trial court.

---

[4] After beginning its deliberations, the jury requested by note: "Please list five elements of attempted murder as simply as possible."