**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

**v.**

**Daniel GONZALES, Defendant–Appellant.**

**No. 94CA0099.**

Colorado Court of Appeals, Div. IV.

April 4, 1996.

Rehearing Denied May 9, 1996.

Certiorari Denied Oct. 21, 1996.

154

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Paul Koehler, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Janet F. Youtz, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge BRIGGS.

Defendant, Daniel Gonzales, appeals the judgment of conviction entered and sentences imposed on jury verdicts finding him guilty of first degree assault on a peace officer and attempted second degree murder. He contends that the verdicts were inconsistent, that the first degree assault statute is unconstitutional, and that his sentences were excessive. We affirm but remand for correction of the mittimus.

A police officer entered an apartment in response to a disturbance call. Defendant, who was armed with a pistol, opened fire. The officer was struck by one bullet though not seriously injured. Another bullet passed through his pant cuff. A third was deflected by his gun belt.

I.

Defendant contends that his convictions for first degree assault and attempted second degree murder are inconsistent because he could not have simultaneously intended both to injure and kill the police officer. We perceive no inconsistency between the verdicts.

In *People v. Frye*, 898 P.2d 559 (Colo. 1995), the supreme court determined that, except under the narrow terms provided in § 18–2–206(2), C.R.S. (1986 Repl.Vol. 8B), inconsistent verdicts of guilt and acquittal are not prohibited. However, the ruling in *Frye* does not preclude a defendant from challenging as legally or factually inconsistent two guilty verdicts. *See People v. Lee*, 914 P.2d 441 (Colo.App.1995).

■ As pertinent here, a person commits first degree assault if "[w]ith intent to cause serious bodily injury upon the person of a peace officer, he threatens with a deadly weapon a peace officer or fireman engaged in the performance of his duties, and the offender knows or reasonably should know that the victim is a peace officer or fireman acting in the performance of his duties...." Section 18–3–202(1)(e), C.R.S. (1986 Repl.Vol. 8B). It is in part a specific intent crime, requiring the prosecution to prove that the defendant had the conscious objective to cause serious bodily injury. *See* §§ 18–1–501(5) & 18–1–503(4), C.R.S. (1986 Repl.Vol. 8B). "Serious bodily injury" means bodily injury which involves a substantial risk of death. *See* § 18–1–901(3)(p), C.R.S. (1995 Cum.Supp.).

■ A person commits second degree murder by causing the death of a person knowingly, but not after deliberation. Section 18–3–103(1)(a), C.R.S. (1986 Repl.Vol. 8B). A person commits criminal attempt if, acting with the kind of culpability otherwise required for commission of the offense, the person engages in conduct constituting a substantial step toward the commission of the offense. Section 18–2–101(1), C.R.S. (1986 Repl.Vol. 8B).

A person acts "knowingly" with respect to a result when the person is aware that the conduct is practically certain to cause the result. Section 18–1–501(6), C.R.S. (1986 Repl.Vol. 8B). Hence, attempted second degree murder requires an awareness that death is practically certain to result. *See People v. Fisher*, 759 P.2d 33 (Colo.1988).

■ Defendant does not raise and we do not address any concern with lesser included offenses or with the relationship between conduct constituting a threat and an intent to cause serious bodily injury. The only issue presented is whether the existence of an element of one of the crimes for which defendant was convicted necessarily negates the existence of an element of the other crime. If so, the verdicts finding defendant guilty of first degree assault on a peace officer and attempted second degree murder would be "legally inconsistent ... and should not be

sustained." *See People v. Frye, supra*, 898 P.2d at 569 (fn.13).

■ However, defendant's argument that an intent to cause serious bodily injury is inconsistent with an intent to cause death rests on the incorrect assumption that a defendant guilty of attempted second degree murder must have specifically intended to cause the victim's death. In fact, a defendant can engage in conduct with the intent to cause serious bodily injury while knowing but not caring that the conduct is practically certain to result in death. In such circumstances, the defendant may be found guilty of attempted second degree murder, even though lacking the specific intent to cause death. *See People v. Krovarz*, 697 P.2d 378, 381, 383 (Colo.1985)("When one engages in conduct that is practically certain to cause a prohibited result, with awareness of the likely consequence, one in effect chooses to create that result even though he may not actively desire that it occur.... [A] culpable mental state of knowledge suffices to support criminal attempt liability."); *People v. Sparks*, 914 P.2d 544 (Colo.App.1996)(difference in mental culpability between acting with intent and knowingly is constitutionally distinguishable); *see also People v. Thomas*, 729 P.2d 972 (Colo.1986).

■ Furthermore, intent to cause serious bodily injury is not necessarily an intent to cause *only* serious bodily injury. *See People v. McDavis*, 97 A.D.2d 302, 469 N.Y.S.2d 508, 511 (N.Y.App.Div.1983) ("The fact that the jury, in convicting the defendant of assault in the first degree, found that the defendant intended to cause serious physical injury to the victim, did not negate an intent to cause death.... [T]he jury properly could have inferred that the defendant intended to inflict such physical injury upon the victim as would cause her death."); *see also People v. Noble*, 635 P.2d 203 (Colo.1981)(the defendant's assumption that the culpability element of one crime cannot exist simultaneously with that of another was faulty); *contra State v. Williams*, 39 Conn.App. 18, 663 A.2d 436, 439 (1995)(*cert. granted* October 16, 1995)("We agree with the defendant that a person cannot simultaneously possess both the intent to cause serious physical injury and the intent

to cause death with respect to the same victim.").

Defendant's conviction for first degree assault is therefore not inconsistent with his conviction for attempted second degree murder.

## II.

Defendant next contends that the first degree assault on a peace officer for which he was convicted, § 18–3–202(1)(e), C.R.S. (1986 Repl.Vol. 8B), is a less serious act than second degree assault, § 18–3–203(1)(c), C.R.S. (1986 Repl.Vol. 8B), and that the greater penalty for first degree assault therefore violates his rights to equal protection and due process. However, the supreme court in *People v. Jackson*, 194 Colo. 93, 570 P.2d 527 (1977) compared these statutes and found the differences sufficient to withstand a similar constitutional challenge. That holding is dispositive here.

## III.

Defendant finally argues that, because the terms are excessive, the trial court abused its discretion by sentencing him to two concurrent twenty-year periods of incarceration. We find no abuse of discretion.

First degree assault and attempted second degree murder are both class 3 felonies and violent crimes subject to enhanced sentencing. *See* § 18–3–202(2)(b), C.R.S. (1986 Repl.Vol. 8B); § 18–3–202(2)(c), C.R.S. (1995 Cum.Supp.); § 18–3–103(3), C.R.S. (1986 Repl.Vol. 8B); § 18–2–101(4), C.R.S. (1995 Cum.Supp.); § 18–3–103(4), C.R.S. (1995 Cum.Supp.). The presumptive sentencing range for each of these crimes is therefore ten to thirty-two years. *See* § 18–1–105(1)(a)(IV), C.R.S (1995 Cum.Supp.); § 16–11–309(1)(a), C.R.S. (1995 Cum.Supp.).

▮▮▮ A trial court's sentencing decision will not be disturbed on review absent an abuse of discretion. In exercising its discretion, the trial court must consider the nature of the offense, the character and rehabilitative potential of the defendant, the development of respect for the law and deterrence of crime, and the protection of the public. If the sentence is within the range required by law, is based on appropriate considerations as reflected in the record, and is factually supported by the circumstances of the case, it must be upheld. *People v. Fuller,* 791 P.2d 702 (Colo.1990).

▮▮▮ Here, the twenty-year sentences are within the range required by statute. The trial court stated the primary considerations that led to the sentences imposed, including the "incredible" nature of defendant's crimes, his continued failure to take responsibility for his acts, and his prior conviction. Information in the record permits the conclusion that the court considered all essential factors in making its sentencing decision. The evidence supports the reasons stated for the sentences. We therefore conclude the trial court did not abuse its discretion in sentencing defendant to two concurrent twenty-year terms. *See People v. Fuller, supra.*

▮▮▮ The judgment of conviction and sentences are affirmed. However, we note that the mittimus reflects a conviction for attempted first degree murder, rather than attempted second degree murder. The cause is therefore remanded to correct the mittimus to reflect a conviction for attempted second degree murder.

MARQUEZ and KAPELKE, JJ., concur.