## STATE OF CONNECTICUT *v.* DANARIUS DUKES
(AC 15478)

O'Connell, C. J., and Lavery and Downey, Js.

Argued March 5—officially released September 16, 1997

---

*Rebecca L. Johnson*, special public defender, for the appellant (defendant).

*Richard F. Jacobson*, supervisory assistant state's attorney, with whom, on the brief, were *Donald A. Browne*, state's attorney, and *Gerard Eisenman*, assistant state's attorney, for the appellee (state).

*Opinion*

DOWNEY, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of attempted murder in violation of General Statutes §§ 53a-49 and 53a-54a (a), assault in the first degree in violation of General Statutes § 53a-59 (a) (1), attempted robbery in the first degree in violation of General Statutes §§ 53a-49 and 53a-134 (a) (1) and conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 and 53a-134. On appeal the defendant claims that (1) the trial court improperly failed to instruct the jury on inconsistency of intents, and (2) the evidence was insufficient to sustain the convictions. We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. On February 27, 1993, between the hours of 12 noon and 3 p.m., the victim, Monroe Hall, was in the municipal bus terminal in Bridgeport waiting to board a bus. During that period, several persons, including the defendant, entered the terminal. Shortly thereafter, the victim proceeded to the rear of the terminal, intending to make a telephone call. As the victim approached the area, he was grabbed from behind, pushed against a wall and turned around. He found himself facing the defendant, Reginald Reese and

another male in close proximity to him. The defendant pointed a handgun at the victim's face. The victim understood that he was being robbed, and as he attempted to reach for his belongings, he shifted to give himself some room. At that point, he was shot in the face by the defendant.[1] The trio then fled the terminal. The victim sustained massive head trauma, lost the sight in his right eye and underwent extensive surgery.

## I

The defendant first claims that the jury verdict resulting in his conviction of attempted murder and assault in the first degree was "legally inconsistent" and that the trial court's failure to so instruct the jury resulted in the deprivation of his federal and state constitutional rights to due process of law. As part of this argument, the defendant urges that in this case, due to the brevity of the incident, it is highly unlikely that he could have intended to cause serious physical injury to the victim while at the same time intending to cause the victim's death. The defendant neither filed a request to charge raising this issue nor noted an exception to the instructions as given, and, therefore, this claim is

---

[1] The victim testified regarding what occurred once he was facing the three individuals as follows:

"[Assistant State's Attorney:] And then what happened?

"[The Victim:] Uh, one of the persons brandished a gun and put it in my face.

"Q. All right, and did they say anything to you?

"A. Uh, they said, 'Run your shit.'

"Q. They said, 'Run your shit?'

"A. Uh-huh.

"Q. And what did [that] mean to you?

"A. Uh, this is a robbery. You know, give me everything you have.

"Q. And what happened then?

"A. Uh, I stayed stung for a quick second, but, uh they had me so tied up against the wall I was unable to move. So, I just tried to move a little bit, you know, give myself some room to proceed and give them, uh, my items and that's when the shot went off."

unpreserved.[2] The defendant requests, however, review of this claim pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989),[3] arguing that this claim implicates his due process rights to an adequately instructed jury.

This claim is reviewable under *Golding. State* v. *Jones*, 44 Conn. App. 476, 488, 691 A.2d 14, cert. denied, 241 Conn. 901, 693 A.2d 304 (1997). We reject the defendant's claim, however, on the basis of our Supreme Court's holding in *State* v. *Williams*, 237 Conn. 748, 679 A.2d 920 (1996).

In *State* v. *Williams*, supra, 237 Conn. 748, the Supreme Court held that the intent to cause death and the intent to cause serious physical injury are not mutually exclusive as a matter of law. In *Williams*, as in the present case, the defendant claimed that the trial court's instruction improperly permitted the jury to render an inconsistent guilty verdict on the counts of attempted murder and assault in the first degree. The court rejected that argument, stating that "[t]he defendant's argument founders on the mistaken presumption that one who intends to kill a person may not also intend to cause serious physical injury to that person. We can

---

[2] The defendant did raise the issue of the inconsistency of the jury verdict in a motion for judgment of acquittal argued to the court after the jury returned its verdict.

[3] Under *Golding*, a defendant can prevail on an unpreserved claim of constitutional error "only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." *State* v. *Golding*, supra, 213 Conn. 239–40. The first two conditions under *Golding* are determinations of whether a defendant's claim will be reviewed, and the third condition involves a review of the claim itself. *State* v. *Bouier*, 44 Conn. App. 548, 553 n.2, 690 A.2d 889, cert. denied, 241 Conn. 903, 694 A.2d 40 (1997), citing *Wilson* v. *Cohen*, 222 Conn. 591, 603, 610 A.2d 1177 (1992).

perceive no logical reason to preclude, as a matter of law, the simultaneous possession of these intents by a defendant toward the same victim. It is entirely consistent and reasonable, under the facts of a particular case, for a jury to find that a defendant intended to inflict serious wounds upon a victim while also intending to cause that victim's death." Id., 754–55; see also *State* v. *Hinton*, 227 Conn. 301, 318, 630 A.2d 593 (1993) ("[i]t is clear that an assault in violation of § 53a-59 [a] [1] and [2] would be consistent with an attempted murder count in violation of §§ 53a-49 and 53a-54a if [the victim] were the defendant's intended victim, because those statutory sections require intentional conduct").

The defendant argues, however, that under the facts of this case, it was unreasonable for the jury to find that he simultaneously possessed the intent to cause serious physical injury to the victim and the intent to cause the victim's death. The defendant argues that this was an extremely brief incident and that the surrounding circumstances do not lend themselves to a conclusion that there could have been more than one criminal intent.

The defendant, in asking this court to find the jury's verdict unreasonable, is asking us to find that it was impossibile for the defendant to possess the two intents simultaneously when so acting. This we decline to do. We conclude that, in the circumstances of this case, the jury reasonably could have inferred from the defendant's conduct that he possessed, at the same time and by the same act, the intent to cause the victim serious physical injury while he was attempting to kill the victim. See *State* v. *Williams*, supra, 237 Conn. 757. "Intent is a question of fact, the determination of which should stand unless the conclusion drawn by the trier is an unreasonable one." (Internal quotation marks omitted.) Id.; *State* v. *DeJesus*, 236 Conn. 189, 197, 672 A.2d 488

(1996); *State* v. *Patterson*, 229 Conn. 328, 333, 641 A.2d 123 (1994).

We conclude that a charge to the jury instructing that the intents at issue were mutually exclusive would have been incorrect.[4]

## II

We next address the defendant's claim that the evidence was insufficient to support any of his four convictions. The defendant would be entitled to an acquittal of a charge on which he claims insufficient evidence if he prevails on his claim. A defendant has a fundamental right, protected by the due process clause of the federal and state constitutions, to be acquitted unless proven guilty of each element of the charged offense beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970).

In reviewing the sufficiency of the evidence, we apply the two part test delineated in *State* v. *Traficonda*, 223 Conn. 273, 278, 612 A.2d 45 (1992): " 'First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the jury reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt.' " See *State* v. *Bova*, 240 Conn. 210, 245, 690 A.2d 1370 (1997); *State* v. *Synakorn*, 239 Conn. 427, 435–36, 685 A.2d 1123 (1996); *State* v. *Tomasko*, 238 Conn. 253, 257, 681 A.2d 922 (1996). "That the evidence is circumstantial rather than direct does not diminish the probative force of that evidence."

---

[4] We note that the defendant's brief, filed on June 25, 1996, relied on this court's decision in *State* v. *Williams*, 39 Conn. App. 18, 663 A.2d 436 (1995), to support the claim that the trial court improperly failed to instruct the jury as to the inconsistency of intents. On July 16, 1996, the Supreme Court released its opinion in *State* v. *Williams*, supra, 237 Conn. 748, reversing this court's judgment.

*State* v. *DePastino*, 228 Conn. 552, 570, 638 A.2d 578 (1994). "[C]ontradiction between the testimony of different witnesses and confusion in the testimony is precisely the type of factual conflict that Anglo-American jurisprudence has traditionally entrusted to the jury." *State* v. *Bember*, 183 Conn. 394, 398, 439 A.2d 387 (1981); *State* v. *Gaynor*, 182 Conn. 501, 504, 438 A.2d 749 (1980). In reviewing a claim of insufficiency of evidence, we give deference not to the hypothesis of innocence posed by the defendant, but to the evidence and the reasonable inferences drawn therefrom that support the jury's determination of guilt. *State* v. *Sivri*, 231 Conn. 115, 134, 646 A.2d 169 (1994).

In arguing insufficiency of evidence, the defendant relies primarily on two facts: (1) the victim identified Reese as the shooter;[5] and (2) the state nolled the charges against Reese that had been filed with reference to this crime. Since there was "no substantial case" against Reese, who was identified by the victim as "the principal actor," the defendant argues that it is impossible to "impute" to the defendant the intent to commit murder, assault in the first degree, robbery in the first degree, or conspiracy to commit robbery in the first degree. According to the defendant, because there was no case against Reese as the principal, it is impossible to justify imputing to the defendant an intent to commit murder or assault in the first degree on the basis of the defendant's mere presence at the scene.

The defendant's argument collapses under the *Traficonda* test. Other people testified that the defendant was the shooter and that the defendant was a participant in the attempted robbery. Specifically, Reese made an in-court identification of the defendant as the individual who shot the victim. Dawn Dunbar, who was in the

[5] Specifically, the victim testified that Reese was the individual who shot him and that the defendant was one of the two individuals who prevented him from moving.

bus terminal the day of the shooting, testified that she observed the defendant shoot the victim. Kisha Porcher was also present in the bus terminal and, although she did not see the shooting, testified that she saw the defendant with a gun. Bernard Pettway testified that, on the day after the shooting, the defendant told him that the defendant had "shot and robbed a kid" but that the defendant did not tell him where it occurred.

On appeal, the defendant asks this court to sort through the evidence, discarding that which tends to support his guilt. This we cannot do. There was ample evidence in the record to support the jury's conclusion that the defendant was guilty of the crimes of attempted murder, assault in the first degree, attempted robbery in the first degree and conspiracy to commit robbery in the first degree.

The judgment is affirmed.

In this opinion the other judges concurred.