[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR A NEW TRIAL (2/11/01) MOTION FOR REARGUMENT (12/30/01)
After a jury trial in this court, the defendant was convicted of Attempted Murder in violation of General Statutes 53a-54a(a); 53a-49; Assault in the First Degree, General Statutes 53a-59(a)(1); Attempted Robbery in the First Degree, General Statutes 53a-134(a)(1); 53a-49; and Conspiracy to Commit Robbery First Degree, General Statutes 53-134; 53a-48. The defendant was sentenced to thirty five years in prison.
Before the court is the defendant's motion for a new trial, the state's motion for dismissal of said motion, defendant's motion for reargument and defendant's motion for continuance. The defendant urges this court that his motion is meritorious under Practice Book § 42-53, which permits a motion for new trial to be granted "if it is required in the interests of justice."
The defendant's motion for a new trial was heard by this court on July 26, 2001. In the motion for reargument the defendant contends that the court should have decided the motion for new trial within 120 days of the date of the hearing. The defendant no doubt refers to the 120 day rule for decisions on matters placed on the civil court's short calendar pursuant to Practice Book § 11-19. The defendant fails to cite any authority for his contention that criminal matters are governed by such a time limit. Because this case is not a civil matter appearing on short calendar, the rule in § 11-19 does not govern this case.
Further, the court finds that the defendant's motion for a new trial is without merit. The defendant argues that the prosecutor engaged in misconduct by choosing to prosecute him and not his co-defendant, using the testimony of his co-defendant against him at trial, and allowing his CT Page 3132-fd co-defendant to plead guilty to a lesser charge in order to obtain his co-defendant's testimony against the defendant. Although these are widespread and accepted practices in the criminal justice system, the defendant pleads that his case deserves special notice.
However, this case has been reviewed and affirmed twice.[1] See Dukesv. State, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324189 (March 19, 1996, Moran, J.) and State v. Dukes,46 Conn. App. 684, 700 A.2d 119 (1997). The defendant raised the issues in his motion that he raised in both his petition for a new trial and on appeal. This court agrees with the reasoning in the opinions affirming the judgment in this case. Because it is therefore clear that the defendant's arguments are without merit, his motions for a new trial, reargument and continuance are denied and the state's motion for dismissal is hereby granted.
Further, the court has received a letter from the petitioner which preliminarily indicates to the reader that the balance contains his version of the events that transpired on February 27, 1993. The letter is sealed, placed in the clerk's file and a copy forwarded to petitioner's counsel without having been read by the undersigned.
BY THE COURT:
FORD, J.