JOHN EGAN *vs.* THE CHESHIRE STREET RAILWAY COMPANY.

Third Judicial District, New Haven, June Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

General Statutes, § 4140, originally enacted in 1871 as an extension of the mechanic's lien law, provides that one who has furnished materials or rendered services in the construction of "any railroad" may acquire a lien thereon. *Held* that the statute applied to street railroads as well as to those operated by steam power.

Argued June 8th—decided October 6th, 1905.

ACTION to foreclose a mechanic's lien, brought to the Court of Common Pleas in New Haven County and tried to

the court, *Tyner, Acting-Judge,* upon demurrer to the complaint; the court sustained the demurrer and rendered judgment for the defendant, from which the plaintiff appealed. *Error, judgment reversed and cause remanded.*

This action was brought under the statute regulating mechanic's liens. General Statutes, §§ 4135–4140.   Paragraph three of the complaint alleges that " the plaintiff, with the knowledge and approval of the defendant, rendered services and furnished materials in the construction of the above-described railroad, under an agreement " by which the plaintiff was to render services in the construction of said railroad.   The reasons specified in the demurrer are : 1. It does not appear in the complaint that the services rendered by the plaintiff in the construction of said railroad were rendered under any contract with or approved by the corporation owning said railroad.   2. It does not appear therein that the defendant corporation was the owner or engaged in the construction of the kind of railroad contemplated by the statutes on which the plaintiff bases his claim of lien ; nor does it appear that the defendant corporation is a " steam railroad " corporation.   The court (*Tyner, J.*) ruled that the first ground of demurrer was insufficient, and sustained the demurrer on the second ground. · This appeal challenges the sufficiency of both grounds of demurrer.

*David E. Fitzgerald* and *Walter J. Walsh,* for the appellant (plaintiff).

*Lucien F. Burpee,* for the appellee (defendant).

HAMERSLEY, J.   The first reason of demurrer specified is plainly insufficient ; the second reason calls for more consideration.

Section 4140 of the General Statutes, by which " any railroad, or any of its appurtenances," is included with " any building, or any of its appurtenances" (§ 4135), as subject to the provisions of the mechanic's lien law, was first enacted in 1871.   Public Acts of 1871, p. 722, Chap.

Egan *v.* Cheshire Street Ry. Co.

137. The State in 1836 adopted the policy of subjecting, under specified regulations, any building whose value was enhanced by the service of mechanics rendered in its construction, to a lien securing the payment of services so rendered. At that time a "railroad," that is, a structure resting upon land and adapted to facilitate the movement of passengers or freight, was substantially unused; prior to 1871 the building and use of such structures had become common, mainly under the control of corporations called steam railroads, and to some extent of corporations called horse-railroads. A rapid increase in the building and use of such structures for various purposes was probable. To give to mechanics the same security for the payment of their services, when those services were rendered in the construction of this structure called a railroad, that the existing law gave them when those services were rendered in the construction of other structures called dwelling-houses, or other buildings, was the evident purpose of the Act of 1871. In the Revision of 1866, p. 549, " An Act Relating to Liens " provides as follows : " Every dwelling-house, or other building, in the construction, erection or repairs of which, or of any of its appurtenances, any person shall have a claim for materials furnished, or services rendered, exceeding the sum of twenty-five dollars, shall, with the land on which the same may stand, be subject to the payment of such claim ; and the said claim shall be a lien on such land and building and appurtenances." The Act of 1871 is " An Act in addition to an Act Relating to Liens." The addition made is thus stated : " Every railroad in the construction, grading, or building of which, or any of its appurtenances, any person shall have a claim for materials furnished, or services rendered, by virtue of any contract made with or approved by the corporation owning or managing said railroad, shall with its real estate, right of way, material, equipment, rolling stock, and franchise, be subject to the payment of such claim ; and the said claim shall be a lien on the said railroad and its said property and appurtenances, and the manner of filing, per-

fecting and foreclosing said lien, shall be in accordance with the provisions of title thirty-eight, of the revised statutes of 1866, and all the provisions of said act are hereby extended and made applicable to railroads and persons furnishing services and materials as above specified." The practical effect of this Act is to alter the original Act so that it provides that "every dwelling-house, other building, or railroad, in the construction," etc., shall be subject to a lien; and the alteration is put into the form of an additional section so as to provide more readily for the necessary difference in detail when the structure, in the construction of which the services are rendered, is a railroad. The law relating to liens as thus amended in 1871 is incorporated, without substantial change in the particulars now material, in the Revision of 1875, Title 18, Chap. 7, §§ 9–13; in the Revision of 1888, §§ 3018–3022; and in the Revision of 1902, §§ 4135–4140. In the Revision of 1902, the phraseology is changed so that the first section reads, in substance: if any person shall have a claim for services rendered in the construction of any building, or any of its appurtenances, such claim shall be a lien on said building, etc.; and in the section added by the Act of 1871: if any person shall have a claim for services rendered in the construction of any railroad, or any of its appurtenances, said claim shall be a lien on said railroad, etc. This change in phraseology does not affect the meaning of the Act. We think that § 4140 makes the claim of any person who has rendered services as described in said section, in the construction of a railroad structure such as is mentioned in the plaintiff's complaint, a lien upon the property described in said section. The defendant urges, that prior to 1871 and from that time to the present the statutes regulating the rights as well as duties and obligations of railroad companies, both to the public and to their own employees, sometimes applied to both steam railroad corporations and other railroad corporations, and more frequently to the former only and not to the latter; that § 1 of the Revision of 1888, in declaring general rules for the construction of

statutes, provided that the phrase "railroad company" should be construed to mean all corporations or other persons who lay out, construct, or operate a railroad operated by steam power, unless such meaning would be repugnant to the context or to the manifest intention of the General Assembly, which provision is repeated in § 1 of the Revision of 1902; and that in statutes dealing with the organization, duties and other obligations of railroad corporations, steam railroad companies are referred to as "railroad companies" and its tracks are spoken of as "railroads," and street railroad companies are referred to as "street railway companies" and its tracks spoken of as "street railways"; and that this practice indicates that "every railroad" as used in the Act of 1871, and "any railroad" as used in the first clause of § 4140, means any railroad constructed and used by a steam railroad corporation on which trains, moved by steam power, are run, and so excludes the railroad in the construction of which the plaintiff rendered services. The considerations urged by the defendant might be entitled to weight in the construction of a statute dealing only with the organization, rights, duties, and obligations of railroad corporations. The mechanic's lien law is not a statute of this kind. Section 4140 is a part of the statute dealing with mechanic's liens. The word "railroad," in the clause in question, indicates a structure in the construction of which services can be rendered and materials furnished; the clause is directed solely to the protection of the mechanic's claim for the value of his labor and materials which have gone into the construction of this structure. Every railroad, as well as every building, and any railroad, as well as any building, in the construction of which a mechanic has rendered services or furnished materials, is subject to the appropriate lien for the security of his claim for such materials and services. This particular protection, first given to the mechanic in 1871, was not limited by the fact that railroads constructed by corporations operating their trains by steam were then many in comparison with those constructed by other corporations, and that the protection

of his labor in the construction of railroads of the latter kind was then of slight importance, any more than it is broadened by the fact that when this mechanic's lien law was reënacted in the Revision of 1902, the conditions had changed and the protection of his labor in the construction of railroads used in the movement of trains by power other than steam had become of great and increasing importance.

There is error, the judgment of the Court of Common Pleas is reversed and the cause remanded for further proceedings according to law.

In this opinion the other judges concurred.