## STATE OF CONNECTICUT *v.* BOGDAN KONDRACKI
### (AC 17429)

Foti, Sullivan and Spallone, Js.

Argued November 9—officially released December 22, 1998

---

*Jacek I. Smigelski*, for the appellant (defendant).

*Bruce R. Lockwood*, deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Antonia Carabillo*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Bogdan Kondracki, appeals from the judgment of conviction, rendered after a trial to the court, of operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a,[1] evading responsibility in violation of General Statutes § 14-224 (b)[2] and failure

---

[1] General Statutes § 14-227a (a) provides in relevant part: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if he operates a motor vehicle on a public highway of this state . . . (2) while the ratio of alcohol in the blood of such person is ten-hundredths of one per cent or more of alcohol, by weight."

[2] General Statutes § 14-224 (b) provides: "Each person operating a motor vehicle who is knowingly involved in an accident which causes physical injury, as defined in section 53a-3, to any other person or injury or damage to property shall at once stop and render such assistance as may be needed and shall give his name, address and operator's license number and registration number to the person injured or to the owner of the injured or damaged property, or to any officer or witness to the physical injury to person or injury or damage to property, and if such operator of the motor vehicle causing the physical injury of any person or injury or damage to any property is unable to give his name, address and operator's license number and registration number to the person injured or the owner of the property injured or damaged, or to any witness or officer, for any reason or cause, such operator shall immediately report such physical injury of any person or injury or damage to property to a police officer, a constable, a state police officer or an inspector of motor vehicles or at the nearest police precinct or station, and shall state in such report the location and circum-

to drive on the right in violation of General Statutes § 14-230 (a).[3] On appeal, the defendant claims that the evidence presented at trial was insufficient to sustain his conviction. Specifically, the defendant claims that the evidence was insufficient to prove that he was the operator of the motor vehicle in question. We disagree and affirm the judgment of the trial court.

The following facts are relevant to this appeal. On August 11, 1996, at approximately 1:53 a.m., a limousine occupied by the defendant and a second person, Mark Puckowski, struck two parked cars on Clinic Drive in New Britain and then rolled to a stop. At trial, Michelle Jean, a resident of Clinic Drive, testified that on the night in question, she was watching television in her bedroom when she heard a loud crash. She immediately looked out the window and observed the limousine rolling slowly down the street. After calling 911, she ran outside and, from the front steps of her building, saw that the limousine continued to roll down the street. When the limousine finally came to a stop, she observed the defendant exit from the driver's seat. A short time later, she observed Puckowski exit the rear of the limousine.

A second witness, Arthur Warchol, also a resident of Clinic Drive, testified as follows. On the night in question, he was in his apartment talking on the telephone.

---

stances of the accident causing the physical injury of any person or the injury or damage to property and his name, address, operator's license number and registration number."

[3] General Statutes § 14-230 (a) provides: "Upon all highways, each vehicle, other than a vehicle described in subsection (c) of this section, shall be driven upon the right, except (1) when overtaking and passing another vehicle proceeding in the same direction, (2) when overtaking and passing pedestrians, parked vehicles, animals or obstructions on the right side of the highway, (3) when the right side of a highway is closed to traffic while under construction or repair, (4) on a highway divided into three or more marked lanes for traffic, or (5) on a highway designated and signposted for one-way traffic."

After hearing the crash, he looked outside and observed the limousine rolling down the street. He called 911 and immediately ran outside. As Warchol approached the limousine, he observed the defendant crawling out of the driver's side. He also observed Puckowski inside the limousine in the backseat. He testified further that he saw no one else at the scene at that time.

Scott Roberts, a paramedic who had responded to the scene of the accident, testified that the defendant had an abrasion on his chin and right kneecap and Puckowski was uninjured. On the basis of this evidence, the trial court concluded that the most probable scenario was that the defendant had "hit his chin on the steering wheel."[4] The court further concluded that Puckowski's lack of injury was "consistent with his being in the backseat" of the vehicle at the time of the accident.

Prior to trial, the defendant stipulated that his blood alcohol content exceeded the legal limit at the time of the accident, and that the accident had occurred on a public highway for purposes of § 14-227a. The sole issue at trial, therefore, was who was operating the vehicle. The defendant argues that the evidence was insufficient to prove beyond a reasonable doubt that he, and not Puckowski, was the operator of the limousine. Our review of the record, transcripts and briefs indicates, however, that the trial court, as the finder of facts in this case, acted reasonably, rationally and in accordance with applicable law in finding that the defendant was the operator of the limousine.

---

[4] At trial, the defendant claimed that he was seated in the passenger seat at the time of the accident. In its memorandum of decision, however, the trial court noted that the defendant's injuries were consistent with the damage that occurred to the driver's side of the vehicle, e.g., cracked windshield and broken radio knob. The trial court concluded that had the defendant "been sitting in the passenger seat . . . there would surely have been some damage to that side of the vehicle."

"The standard of review employed in a sufficiency of the evidence claim is well settled. [W]e apply a two-part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [trier of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Torres*, 242 Conn. 485, 489, 698 A.2d 898 (1997). " 'On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the [trier of fact's] verdict of guilty.' " Id., 490.

The evidence presented was sufficient to support the trial court's conclusion that the defendant was the operator of the limousine. Both Jean and Warchol testified that they had witnessed the defendant exit from the driver's side of the limousine and that Puckowski was in the rear of the limousine. Additionally, Roberts testified, and the trial court agreed, that the defendant's injuries were consistent with his being the driver at the time of the accident. The damage to the interior of the limousine supports this conclusion. While the defendant testified that Puckowski was driving the limousine at the time of the accident, the trial court chose not to credit his testimony.

We are guided by the well established principle that "[t]he trier of fact may accept or reject the testimony of any witness." *State* v. *Martin*, 38 Conn. App. 731, 744, 663 A.2d 1078 (1995), cert. denied, 237 Conn. 921, 676 A.2d 1376 [cert. denied, 519 U.S. 1044, 117 S. Ct. 617, 136 L. Ed. 2d 541] (1996). It is the trier of fact's "exclusive province to weigh the conflicting evidence and determine the credibility of witnesses." *State* v. *Hooks*, 30 Conn. App. 232, 239, 619 A.2d 1151, cert. denied, 225 Conn. 915, 623 A.2d 1025 (1993). We give

deference to the evidence and the reasonable inferences drawn therefrom that support the trial court's determination of guilt. *State* v. *Dukes*, 46 Conn. App. 684, 690, 700 A.2d 119 (1997).

The judgment is affirmed.