STATE OF CONNECTICUT *v.* JOSE RAMOS
(AC 17739)

O'Connell, C. J., and Schaller and Sullivan, Js.

Argued February 17—officially released June 15, 1999

*Auden Grogins,* special public defender, for the appellant (defendant).

*Richard F. Jacobson,* supervisory assistant state's attorney, with whom, on the brief, was *Cornelius P. Kelly,* assistant state's attorney, for the appellee (state).

*Opinion*

SULLIVAN, J. The defendant, Jose Ramos, appeals from a judgment of conviction, rendered after a jury trial, of risk of injury to a child in violation of General Statutes § 53-21 (2).[1] The jury acquitted the defendant of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2).[2] The defendant claims that the trial court improperly denied his postverdict motion for judgment of acquittal on the charge of risk of injury to a child on the ground of insufficient evidence because his acquittal on the charge of sexual assault in the first degree constituted a rejection of the only evidence on which the risk of injury charge could have been based. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. The victim was five years old at the time of the incident in August, 1996, and six years old at the time of trial. He lived with his parents and brother. Both of the victim's parents worked, and his maternal aunt, Grizelda Ramos, baby-sat for him and his younger brother. When Grizelda Ramos obtained employment, it was agreed that her husband, the defendant, would baby-sit for them.

The defendant had baby-sat for the victim for approximately one week before the incident in question

---

[1] General Statutes § 53-21 provides in relevant part: "Any person who . . . (2) has contact with the intimate parts, as defined in section 53a-65, of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child . . . shall be guilty of a class C felony."

General Statutes § 53a-65 (8) provides: " 'Intimate parts' means the genital area, groin, anus, inner thighs, buttocks or breasts."

[2] General Statutes § 53a-70 (a) provides in relevant part: "A person is guilty of sexual assault in the first degree when such person . . . (2) engages in sexual intercourse with another person and such other person is under thirteen years of age and the actor is more than two years older than such person . . . ."

occurred. The victim testified that, on August 28, 1996, the defendant asked him to go into the bathroom with the defendant and not to tell his mother. The defendant shut the bathroom door without locking it. The defendant then told the victim to remove his shorts. The defendant also removed his own pants. The victim told the defendant that he wanted lunch, and the defendant said, "Wanna eat this, my penis?" At that point, in the victim's words, "[the defendant] put his penis in my butt." At that time, the victim was lying down on the outside of the bathtub and the defendant was standing behind him. When the victim told the defendant that it hurt, the latter said he would do it softly.

Later that day, the victim's father came and got the victim and his brother and took them home. The victim did not tell his father what had happened. That same day, the victim told his mother about the incident as she was driving him to his grandmother's house. The victim's grandmother testified that she examined the victim's rectum that day and noticed nothing but she advised her daughter to take him to a physician.

The victim's grandfather, who testified for the defense, stated that on August 28, 1996, the victim and his mother came to his house. The victim told his grandfather that he wanted to tell him something. He then proceeded to tell him about the incident. The grandfather told his wife what the victim had told him. The grandmother then took the victim into a bedroom and examined him. The grandfather said that the victim's mother first heard about the incident when the victim's grandmother examined the victim. The victim's mother then started to cry and yell. After the victim's grandmother examined him, she and her husband went to the defendant's home and confronted him with the victim's allegations. At that time, the defendant called the victim's mother, who was still at her parents' home, and

told her if she did not believe him to take the victim to the emergency room and check it out.

Two days later, the victim was examined by Peter McLaughlin, a physician, who found no evidence of tearing, redness, rawness, bruises or contusions. The victim tested negative for sexually transmitted diseases.

The defendant testified that in August, 1996, he was taking care of the victim and his brother for a short time. He denied the victim's allegations and said he never went into the bathroom with the victim.

To be convicted of sexual assault in the first degree in violation of § 53a-70 (a) (2) it must be proven beyond a reasonable doubt that a person had sexual intercourse with a person who was under the age of thirteen and that the perpetrator was more than two years older than the victim. General Statutes § 53a-65 (2) defines sexual intercourse as "vaginal intercourse, anal intercourse, fellatio or cunnilingus between persons regardless of sex. Its meaning is limited to persons not married to each other. Penetration, however slight, is sufficient to complete vaginal intercourse, anal intercourse or fellatio and does not require emission of semen. . . ."

To be convicted of the crime of risk of injury to a child under § 53-21 (2), it must be proven beyond a reasonable doubt that a person had contact with an intimate part of a child under the age of sixteen or who subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child.

The core issue in this matter is whether there was sufficient evidence for the jury to find the defendant guilty of risk of injury to a child. The defendant claims that, since the jury found that the defendant did not have sexual intercourse with the victim, he could not

have been found guilty of having contact with an intimate part of the victim because the sexual assault acquittal meant that the jury rejected the evidence needed to convict him of risk of injury. We disagree.

"The standard of review employed in a sufficiency of the evidence claim is well settled. [W]e apply a two-part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [trier of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Torres*, 242 Conn. 485, 489, 698 A.2d 898 (1997). "On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the [trier of fact's] verdict of guilty. Id., 490." (Internal quotation marks omitted.) *State* v. *Kondracki*, 51 Conn. App. 338, 342, 721 A.2d 567 (1998).

"We are guided by the well established principle that '[t]he trier of fact may accept or reject the testimony of any witness.' *State* v. *Martin*, 38 Conn. App. 731, 744, 663 A.2d 1078 (1995), cert. denied, 237 Conn. 921, 676 A.2d 1376 [cert. denied, 519 U.S. 1044, 117 S. Ct. 617, 136 L. Ed. 2d 541] (1996). It is the trier of fact's 'exclusive province to weigh the conflicting evidence and determine the credibility of witnesses.' *State* v. *Hooks*, 30 Conn. App. 232, 239, 619 A.2d 1151, cert. denied, 225 Conn. 915, 623 A.2d 1025 (1993). We give deference to the evidence and the reasonable inferences drawn therefrom that support the trial court's determination of guilt. *State* v. *Dukes*, 46 Conn. App. 684, 690, 700 A.2d 119 (1997)." *State* v. *Kondracki*, supra, 51 Conn. App. 342–43.

The victim's testimony that the defendant "put his penis in my butt," if believed by the jury, could prove the crime of risk of injury to a child. For purposes of risk of injury, the jury did not need to determine that there was any anal penetration. Mere contact between the defendant's penis and the victim's anus or buttocks would have sufficed. The jury reasonably could have found that while the victim's testimony did not establish that penetration occurred, it was sufficient to establish that the requisite contact occurred. Because the evidence in this case reasonably supports the inference of such contact, we conclude that trial court properly denied the defendant's motion for judgment of acquittal.

The judgment is affirmed.

In this opinion the other judges concurred.