STATE OF CONNECTICUT *v.* IVAN DARIO ZAMORA
(AC 19806)

Landau, Spear and Daly, Js.

Argued November 29, 2000—officially released April 17, 2001

*James O. Ruane*, with whom, on the brief, was *James J. Ruane*, for the appellant (defendant).

*John A. East III*, assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Margaret E. Kelley*, senior assistant state's attorney, for the appellee (state).

*Opinion*

DALY, J. The defendant, Ivan Dario Zamora, appeals from the judgment of conviction, rendered after a jury trial, of larceny in the third degree in violation of General Statutes §§ 53a-119 and 53a-124. The defendant claims that the trial court improperly commented on the defendant's plea of not guilty in its marshaling of the evidence. Specifically, the defendant argues that the court improperly marshaled the evidence and gave a prejudicial instruction to the jury by referring to a statement that the defendant had made on the night of his arrest. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On April 7, 1998, Cynthia Fazekas, an assistant security manager at the Lord & Taylor department store located in the Trumbull Shopping Park (mall), noticed the defendant acting in a suspicious manner. The defendant exited the mall carrying a white shopping bag that appeared to be heavy and exhibited the characteristics of a "booster" bag.[1] Fazekas then observed the defen-

---

[1] A "booster" bag is a common tool of the shoplifting trade. It typically consists of a large, sturdy shopping bag that is lined with lead, aluminum foil or heavy layers of duct tape.

dant walk to a red Ford van, open its side door and empty the bag's contents therein. Subsequently, he and another man returned to the mall and met with a third man.

Fazekas and Francisco Rivera, a Macy's department store detective, continued their surveillance of the defendant and the two other men and notified the Trumbull police department. Two Trumbull police officers and a police detective examined the contents of the vehicle through the van's windows and set up surveillance. Approximately thirty minutes later, two of the men returned to the van, at which time the police arrested them and seized the white shopping bag. The two men could not speak English, could not produce any identification and could not produce any receipts for any of the merchandise and clothing in the van.

The defendant eventually exited the mall, and the officers stopped and apprehended him. The defendant denied that he had shoplifted and denied knowing the other two men. The officers then escorted him back to the van where Rivera and Fazekas identified the defendant as the third member of the shoplifting team.

Richard Miranda, a Spanish-speaking mall security officer, agreed to act as an interpreter for the other two men and accompanied the police and the suspects to police headquarters. While standing near the holding cells, Miranda heard the defendant state to the other two men in Spanish, "Shut up. We're gonna get out of here all right."

At trial, the defendant testified that this was a case of mistaken identity. He further denied knowing the two other suspects and making the previously mentioned statement. At the conclusion of the evidence, the court charged the jury in relevant part: "Now, any statements of the accused which [have] been admitted as evidence [are] to be considered by you in connection with all

other evidence in the case made, as it was, out of this court. It is not like the sworn testimony offered here before you. It is to be considered by you as a declaration inconsistent with the accused['s] plea of 'not guilty.' It may be, however, if you consider that it was made by the accused, evidence circumstantial in nature of the truth of the statement made in it. It is for you to determine what weight is to be given to it, and, in that connection, you should consider the circumstances under which it was made as [they] appear in the evidence before you." The jury found the defendant guilty of larceny in the third degree. This appeal followed.

The defendant claims on appeal that the court, in its jury charge, improperly alluded to the statement that the defendant allegedly had made in the holding cell. The defendant did not properly preserve this claim because he failed to take any exception to the charge at trial. The defendant now argues, however, that he is entitled to appellate review under *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989). We disagree.

Under *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail. The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances." (Emphasis in original.) Id., 239–40.

The defendant's claim fails to satisfy the second prong of *Golding* because the claim is not of constitutional magnitude involving the violation of a fundamental right. Specifically, the defendant's claim involves a jury instruction that is not constitutional in nature. In *State* v. *Marsala*, 59 Conn. App. 135, 143, 755 A.2d 965, cert. denied, 254 Conn. 948, 762 A.2d 905 (2000), the trial court gave an almost identical jury instruction, and this court found that no injustice resulted. This court reviewed the claim in *Marsala* only because the defendant had preserved it at trial. Unlike in *Marsala*, the defendant in this case did not properly preserve the claim at trial and seeks review under *Golding*. We decline to review the claim because it involves a jury instruction that is not constitutional in nature, and, thus, the claim does not fulfill the second prong of *Golding*.

The judgment is affirmed.

In this opinion the other judges concurred.