[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is before the Court on the motion of the Plaintiffs Brian Matzke and eInvestment Clubs, Inc. for Reconsideration and Articulation. The plaintiffs seek a reconsideration of the Court's denial if their application for prejudgment remedy of replevin and articulation of certain portions of the Court's Memorandum of Decision dated December 21, 2001.
Before addressing the plaintiffs' requests, the Court will first set forth the facts which it found from the testimony introduced at the prejudgement remedy hearing and upon which its prior decision and the present decision rest. The parties had entered into an agreement pursuant to which the defendants agreed to develop and host a website for the plaintiffs (the "development agreement"). Transcript of Prejudgment Remedy Hearing dated December 10, 2001 (hereafter "Transcript") page 13 line 24 through page 14 line 11. The plaintiffs rented from Dell Computer two computers and delivered or caused them to be delivered to the defendants to enable the defendants to perform the development agreement. Transcript page 16 lines 13-16. The defendants began performing the development agreement, by installing and programming on and configuring the computers. Transcript page 17 line 6 through page 18 line 11 and page 19 lines 7-12. While the development agreement was in effect, the parties had a disagreement. Transcript page 29 line 17-20. The dispute resulted in a lawsuit. Transcript page 32 line 19-25. The lawsuit was settled when the parties entered into another agreement which modified the terms of the development agreement (herein referred to as the"modification"). Pursuant to the modification, the defendants deprogrammed the computers restoring them to their original condition. Transcript page 26 lines 22-27, page 28 lines 20-25, and page 32, lines 19-27. Another disagreement ensued, the defendants retained the computers cure the computers and the plaintiffs commenced this action to secure the return of the computers. Transcript page 34 line 26 through page 35 line 12.
The plaintiffs seek re-articulation of five items. In response to the plaintiffs' first request for re-articulation, the plaintiffs are correct, this matter originally came before the Court on the plaintiffs' application for prejudgment remedy not a hearing in damages.
The plaintiffs' second request is premised upon the erroneous assertion that "there is no evidence that the computer hardware was delivered pursuant to the terms of the development agreement." Motion for Reconsideration and Articulation, page 2. On the contrary, the evidence that the plaintiffs delivered the computers to the defendants pursuant to the terms of the development agreement consists of the testimony of Mr. Valencia to the effect that the plaintiff, eInvestment Clubs, Inc. leased from Dell and supplied to the defendants two computers for the purpose of enabling the defendants to perform their obligation to develop and host a website for the plaintiffs. Transcript page 13 line 24 through page 14 CT Page 8203-bu line 7, page 16 lines 6-10; see also cite given above. Attorney Hassett essentially confirmed that fact when he stated that "they (meaning the plaintiffs) provided the defendants with the computer equipment" in his opening argument. Transcript page 4 lines 1-2.
The fact that the computers were delivered by the plaintiffs to the defendants in order to enable the defendants to perform their obligation under the development agreement to develop and host a website for the plaintiffs is dispositive of the issue which was before the Court at the prejudgment remedy hearing. The plaintiffs asserted that the defendants had no right to possession of the subject computers. The plaintiffs countered asserting that they were bailees for hire and thus had a possessory bailee's lien on the computers.
A bailment is created when a person delivers personal property to another for some particular purpose with an express or implied contract to redeliver the property when the purpose has been fulfilled. TheDetroit Institute of Arts Founders Society v. Christopher S. Rose,127 F. Sup.2d 117 (Conn. 2001). A bailment is "a delivery of goods in trust, upon a contract, express or implied, that the trust shall be faithfully executed on the part of the bailee." B.A. Ballou Co. v.Citytrust, 218 Conn. 749, 753 n 2 (1991). A bailment involves the delivery of the thing bailed into the possession of the bailee, under a contract to return it to the owner according to the terms of the Agreement. Seedman v. Jaffer, 104 Conn. 222, 226, Rokosa v. Hartford JaiAlai, Inc., 37 Conn. Sup. 620, 622. A bailment is a consensual relationship. Pinto v. Bridgeport Mack Trucks, Inc., 38 Conn. Sup. 639,641, Desmond v. Wall, 39 Conn. Sup. 502, 504. "The furnishing of a shopping cart on an implied promise to return it after use may certainly be characterized as a bailment." Peloquin v. Stop Shop Holdings, Inc., WL 301492 (Conn.Sup. 1998). Thus in On Site Energy Corporation v. SperryRand Corporation, 5 Conn. App. 326, 330-31 (1985) the Court held that a bailment was created when electric generating equipment was placed in lessee's plant maintained by lessor. A written contract is not necessary to create a bailment. See also, Johnson v. H. M. Bullard Co., 95 Conn. 251111 A. 70, 71 (1920). The clear and unrebuked testimony introduced by the defendants and confirmed by the plaintiffs' counsel's argument at the prejudgment remedy hearing and cited above unequivocally established two things. First, that the defendants delivered or caused to be delivered to the plaintiffs two computers which the plaintiffs leased from Dell Computers and second, that these computers were furnished because they were necessary for the defendants to develop and host a website for the plaintiffs pursuant to the development agreement. The Court finds that the parties intended the computers to be returned as the computers were leased by the plaintiffs and not owned by the defendants. Since the plaintiffs delivered the leased computers to the defendants for the purpose of CT Page 8203-bv developing and hosting the plaintiffs' website with an express or implied agreement that the plaintiffs return the computers when the development agreement was fulfilled, the plaintiffs created a bailment for hire.
Once a bailment is created, the bailee has a lien for the amount of value of the service rendered. New Britain Real Estate Title Co. v.Collington, 102 Conn. 652, 656, 129 A. 780 (1925). See also General Statutes § 49-61.
Alternatively, our legislature confers a lien on personal property to a party whop performed a service on that property at the request of the "legal possessor" of the property until charges for the services performed are paid. General Statutes § 49-61, See also General Statutes § 49-68, and § 49-70. That has been the law of this state since at least 1949. The plaintiffs were the lessees and legal possessors of the computers and contracted with the defendants to perform services on the computers. The defendants performed services pursuant to that agreement and therefore have a statutory lien.
The plaintiffs claim that the parties' original agreement was that the defendants were responsible for supplying the computers goes to the merits of their claim and not the existence or lack or a bailment. Indeed, the bailee for hire lien is recognized both by the legislature and by the Court. See General Statutes § 49-61.[1] See also Statev. Marsala, 59 Conn. App. 135, 755 A.2d 965.
As to the plaintiffs' third request for re-articulation, at the hearing Mr. Valencia testified and the attorney for both the plaintiffs and the defendants argued that there was a settlement agreement reached by the parties effectively modifying the terms of the development agreement. Transcript page 25 line 13 through page 36 line 9 and page 32 lines 17-27. Whether that agreement is referred to as a modification or as a settlement agreement is purely a matter of semantics.
The plaintiffs correctly note that the settlement agreement itself was not introduced into evidence; however, the plaintiffs stipulated both to its existence and to its terms. Transcript, page 33 lines 17 through 35. In fact, the agreement to restore the computers was first raised by the plaintiffs' counsel in his agreement that the value of the property had not been enhanced because the defendants de-installed the software and the computers are now in their original condition.
The plaintiffs contend that "the Court's decision on page five which speaks of unfulfilled conditions of redelivery is without basis." The Court can draw no other logical conclusion from the evidence. The Court refers counsel to page 26 lines 22-27 of the Transcript wherein Mr. CT Page 8203-bw Valencia states that "as part of another agreement we deinstalled (sic) these back in May and they've been sitting in our office in Farmington." The testimony memorialized at page 34 line 26 through page 35 line 12 of the transcript cited above is also elucidating. Neither party owns the computers. Transcript page 16 lines 6-11. The computers were delivered to the defendants so that they would be used not stored. Transcript page 13 line 9 through page 17 line 1. The plaintiffs are seeking a replevin as they assert that the computers are being wrongly detained by the defendants. Transcript page 4 lines 8-27. On the other hand, there is no evidence that either the development agreement or the modification authorized the defendants to store the computers. Based on these facts, the only logical explanation for the present stalemate is that the parties had another disagreement after they entered into the modification. Since their relationship stems solely from the development agreement, as modified pursuant to the settlement of the prior lawsuit, the defendants' retention of the computers must be based on their belief or assertion that the plaintiffs failed to fulfill some provision of their agreement.
The plaintiffs "respectfully request that the Court articulate the conditions for redelivery as the plaintiffs are aware of nothing in the settlement agreement which created a condition for re-delivery of the computer hardware." To what end? The conditions, if any, are irrelevant.
Finally, the plaintiffs suggest that the Court's decision is not based on a point which was not briefed by either party. The testimony at the hearing invalidates that assertion. At the prejudgement remedy hearing, the plaintiffs argued that the restoration of the equipment was "specifically the factual issue in context, and it specifically the factual issue that her Honor will have to determine." Transcript page 9 lines 20-26. In so stating the plaintiffs argue that because the defendants deprogrammed the computers the value of the computers was not enhanced by the defendants' services. It their motion, the plaintiffs also asserted that the restoration of the computers was the "central issue of the hearing." Motion for Reconsideration and Articulation page 3. The plaintiffs cannot focus the Court's attention on a fact, fashion an argument based on that fact, claim that the fact is dispositive and then complain when the Court addresses that fact and argument in its decision.
Moreover, while the Court refutes the centrality of that issue. Even assuming it was the central issue, it would not alter the Court's decision. The value of services rendered by a bailee for hire is not so narrowly defined by the laws of this state. An analogy can be found in our mechanics lien law." [T]he provisions of the mechanic's lien law . . . adopted the policy of subjecting, under specified regulations, any CT Page 8203-bx building whose value was enhanced by the service of mechanics rendered in its construction, to a lien securing the payment of services so Rendered." Egan v. Cheshire Street Ry. Co., 78 Conn. 291, 292, 61 A. 950
(1905). However, the mechanics' lien law states that value can be enhanced by "raising, [or] removal . . . any building. . . ." General Statutes § 49-33 (a). Accordingly, an "improvement" as that term is used in our mechanics lien statute is . . . an amelioration in its condition . . . costing labor and capital, and intended to enhance its value. Landscape Management Services, Inc. v. Farmington PlazaAssociates, L.P., WL 560573, 1996. Conn. Super. 1996). In Pomarico v.Gary Construction, Inc., 5 Conn. App. 106, 110, 497 A.2d 70 (1985), the defendant graded, paved and did other work necessary to complete a roadway, and water and sewer lines for a subdivision. The Court held that the defendant was entitled to a lien on the entire subdivision and not just on the specific work done for each lot because the work was of value to all lots in the subdivision. Id. at 111. The question therefore is not whether the computers were restored to their original condition, but rather whether the restoration ameliorated a condition and made the computers intrinsically more valuable. The answer in this case is yes. The programing made the computers more intrinsically valuable to the plaintiffs, as it purportedly enabled the plaintiffs to host the planned website. In the other hand, the deprogramming made the computers more intrinsically valuable to Dell and to potential lessees as the deprogramming unfettered the computers memory and computing capacity.
In their memorandum in support of their application for prejudgment remedy, the plaintiffs noted that they do not own the computers. Although that issue was not raised again in the motion for articulation, it is important to note that a person need not own property in order to give another person a legal interest in that property. As stated above, a service provider has a statutory a lien on personal property on which they performed a service at the request of the legal possessor until the fees for the services performed are paid. General Statutes § 49-60, See also General Statutes § 49-68, and § 49-70. The rational for granting such a lien is the recognition by the owner that services will likely be performed on the property. New Britain Real Estate Title Co.v. Collington, supra. Given the fact that it is customary for users of computers to employ the services of computer programers to install software on and repair the computers Dell implied consented to the creation of a bailment and the resulting bailee lien.
The plaintiffs' remedy as outlined in the bailee lien statute General Statutes § 49-61 is to post a bond in lieu of the computers and proceed to a disposition of the merits of the case.
The Court trusts that this decision clarifies its earlier decision. The CT Page 8203-by plaintiffs' motion for reconsideration is denied without prejudice to the plaintiffs' right to file a motion for reconsideration based upon this re-articulation with supporting legal authority.
Bryant, J